# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

JERRY WILLIAM YOUNG                                                                              PLAINTIFF
#18-903

v.                                        5:18cv00183-DPM-JJV

DUSTY DODSON, Jail Administrator,
Dallas County Correction Center; *et al.*                                             DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.   The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I.   INTRODUCTION

Jerry William Young ("Plaintiff") is incarcerated at the Dallas County Detention Center and filed this action *pro se* pursuant to 42 U.S.C. § 1983.  (Doc. No. 2.)  He alleges part of a piece of incoming mail was withheld from him.  (*Id*. at 4.)  After careful review of Plaintiff's Complaint, I find it should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### II.   SCREENING

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be

granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id*. But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.  ANALYSIS

Plaintiff alleges he received a letter in the mail and the jail "scanned it wrong," as he received only two or three pages of the letter, with the rest being blank pages. (Doc. No. 2 at 4.) Plaintiff filed a grievance after his requests for a correction were denied. (*Id*.) The response of Defendant Dusty Dodson, Jail Administrator, "was that they scan and put on kiosk as they get it." (*Id*.) Defendant Dodson's response to Plaintiff's second grievance "was that [Plaintiff] should ask the sender about the blank pages." (*Id*.) Plaintiff states he still has not received the entirety of the letter and he feels his constitutional rights were violated. (*Id*.)

A prisoner's right to the free flow of incoming and outgoing mail is protected by the First Amendment. *E.g.*, *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003). "The fact of confinement and the needs of the penal institution impose limitations on constitutional rights, including those derived from the First Amendment." *Jones v. N.C. Prisoners' Labor Union, Inc.*, 433 U.S. 119, 125 (1977). With respect to incoming correspondence, such limitations are valid if they are reasonably related to legitimate penological interests. *Thornburgh v. Abbott*, 490 U.S. 401, 413-14 (1989); *Turner v. Safley*, 482 U.S. 78, 79 (1987). Here, however, Plaintiff does not allege his

3

incoming mail was partially withheld on the basis of any jail regulation or restriction. Instead, he suggests his mail was merely scanned improperly. (Doc. No. 2 at 4.) He "points to only one incident" and "has not suggested there was any ongoing practice of censorship or that the application of any policy resulted in the alleged interference." *Adams v. Bolen*, Case No. 06-3074, 2008 WL 4216328, at 10-11 (W.D. Ark. Sept. 12, 2008). Therefore, he cannot state a First Amendment claim. *See Davis*, 320 F.3d at 351 (stating an isolated incident of mail tampering is usually insufficient to establish a constitutional violation); *Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000) (stating allegations of sporadic and short-term delays in receiving mail are insufficient to state a First Amendment claim); *Rowe v. Shake*, 196 F.3d 778, 782-83 (7th Cir. 1999) (stating allegation that conduct of individual defendants interfered with timely receipt of incoming mail failed to state a First Amendment claim where plaintiff did not suggest delay resulted from any content-based prison regulation or practice).

Moreover, Plaintiff does not allege the mail at issue was legal mail or privileged in any way. Non-privileged mail may be opened outside an inmate's presence. *Bumgarner v. Bloodworth*, 768 F.2d 297, 301 (8th Cir. 1985) (per curiam). And even assuming the mail at issue was privileged, Plaintiff has not stated a claim. Although censorship is not permitted for privileged mail, *see, e.g.*, *Wolff v. McDonnell*, 418 U.S. 539, 576-77 (1974), an isolated, inadvertent instance of opening incoming legal mail does not give rise to a constitutional violation. *Gardner v. Howard*, 109 F.3d 427, 431 (8th Cir. 1997). Nor has Plaintiff stated a claim for any violation of his right of access to the courts, as he has not alleged he was hindered in pursuing a nonfrivolous and arguably meritorious underlying legal claim. *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008).

In addition, Plaintiff has not stated a claim for the violation of his due process rights as a pretrial detainee. Although the Due Process Clause forbids punishment of a person held in custody

awaiting trial, *Bell v. Wolfish*, 441 U.S. 520, 533-34 (1979), Plaintiff cannot show any improper scanning of his incoming mail amounted to punishment. Under the *Bell* framework, there was no intent to punish, as Plaintiff suggests only an isolated, inadvertent incident. And he does not challenge any restriction as not being reasonably related to a legitimate non-punitive governmental objective. *Id*. at 539.

Finally, I note Plaintiff names Defendant Stan Macgee, Dallas County Sheriff, in his Complaint but makes no allegations against him. (Doc. No. 2 at 1, 4.) Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff did not allege defendant was personally involved in or had direct responsibility for incidents that injured him). To the extent Plaintiff seeks to hold Defendant Macgee responsible based solely on his position as a supervisory official, that claim fails. *See Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (there is no *respondeat superior* liability under § 1983); *see also Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) ("[A] general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability.").

### IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

---

[1] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 19th day of July, 2018.

```
                        _____
                        JOE J. VOLPE
                        UNITED STATES MAGISTRATE JUDGE
```

---

a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."